14205

## PALMER v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA

(188 S. E., 301)

*Messrs. Bridges & Oulla,* for appellant,

*Messrs. L. D. Jennings* and *G. Badger Baker,* for respondent,

January 14, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

The plaintiff-respondent made application to the defendant-appellant to insure, among other things, a barn on her farm in Florence County. It appears that there were two barns on the property. Mr. Myers, representing the insurance company, visited and inspected the property and it appears that the application for the insurance had attached to it a diagram upon which appeared the following notations: "Barn No. 1;" and below it, "Old barn not insured." It further appears from the diagram that barn No. 1 is nearer the dwelling house than the old barn. The policy insured the property from loss or damage by windstorm. About July, 1933, the new barn was destroyed by windstorm. Upon demand for payment, the company refused upon the ground that they had not insured the barn which was destroyed and that the diagram attached to the application itself disclosed the fact that the barn which was destroyed by windstorm was not that one insured under the policy. Plaintiff brought action to recover, alleging in her complaint, among other things, that if the policy did not cover the barn which was destroyed, it was due to the fault or negligence of the agent of the insurance company, who had been instructed by plaintiff to insure the barn which was destroyed and the agent had agreed to do so. She prayed that if necessary the policy be amended to conform to these allegations.

The defendant, by answer, admitted the issuing of the policy of insurance and the destruction of a barn, but denies that the policy covers the barn which was destroyed; that the barn which was destroyed was pointed out to the plaintiff by the agent of the defendant as not being insurable, and was with the knowledge and consent of plaintiff omitted from the policy, and was not insured, hence, the defendant denies liability.

The case was tried by Judge Sharkey and a jury in the Civil Court of Florence. At the conclusion of plaintiff's

testimony, plaintiff's attorney moved "to reform the policy so as to make the building described in the policy comply with the proof, as shown, the building which was to be insured." This motion was refused. The defendant moved for a nonsuit; which was also refused, as was a motion for directed verdict for defendant. The case was submitted to the jury who found for plaintiff.

The appeal to this Court submits the questions:

"1. Was there error in submitting the issues to the jury without first having reformed the policy? (Exceptions 2, 3 and 5).

"(a) Was there error in the Court's adoption of the finding of the jury on the issue of reformation? (Exceptions 6 and 7).

"(b) Was there error in denying appellant's motion for a new trial and ruling that "the inference could have been drawn from all the testimony that the policy as written actually covered the barn which was destroyed in which event there would be no necessity for reforming the policy?" (Exceptions 1 and 4.)

Appellant concedes that there was no error on the part of the Court in refusing to reform the policy because there was no evidence of a mutual mistake, nor any allegation of fraud which would justify reformation. The respondent has not appealed from the ruling of the Judge refusing the motion for reformation and that question is therefore settled. Appellant, however, maintains that since the policy was not reformed, and since it showed conclusively that the barn destroyed was not that which was insured, that it was error for the trial Judge to submit the issue of reformation to the jury; but that inasmuch as the question of reformation was one in equity, he should have decided it himself. Appellant further contends that having decided against the reformation of the policy, it was error not to direct a verdict in favor of defendant.

We think the whole matter is determined by the answer to the simple question whether there was testimony suf-

ficient to go to the jury, which tended to show that the barn destroyed was, as a matter of fact, covered by the policy of insurance. We have carefully reviewed the testimony and we agree with the trial Judge that there was such evidence.

It follows from this conclusion that the appeal is without merit, and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and FISHBURNE concur.

MR. JUSTICE BAKER did not participate.